**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF TEXAS

Case number *(if known)* _____   Chapter __11__

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy       06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **HOA Funding, LLC** |

| | |
|---|---|
| **2.** | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names |

| | |
|---|---|
| **3.** | **Debtor's federal Employer Identification Number** (EIN) **47-1004390** |

**4.  Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **1815 The Exchange SE** <br> **Atlanta, GA 30339** <br> Number, Street, City, State & ZIP Code | <br> <br> P.O. Box, Number, Street, City, State & ZIP Code |
| **Cobb** <br> County | **Location of principal assets, if different from principal place of business** <br> <br> Number, Street, City, State & ZIP Code |

**5.  Debtor's website** (URL)   **https://www.hooters.com/**

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **HOA Funding, LLC** | Case number (*if known*) |
|---|---|---|
| | Name | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

__7225__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

☑ No.
☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☑ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | **SEE ATTACHED RIDER** | Relationship | _____ |
|---|---|---|---|

| Debtor | **HOA Funding, LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

| | District | | When | | Case number, if known | |
|---|---|---|---|---|---|---|

---

**11. Why is the case filed in *this district?***

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____
Contact name _____
Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☑ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☑ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☑ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☑ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| Debtor | **HOA Funding, LLC** | Case number (*if known*) |
|---|---|---|
| | Name | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    03/31/2025
MM / DD / YYYY

**X** _Signed by:_ Keith Maib _____    **Keith Maib**
Signature of authorized representative of debtor    Printed name

Title    **Chief Restructuring Officer**

---

**18. Signature of attorney**    **X** /s/ Holland N. O'Neil _____    Date  03/31/2025
Signature of attorney for debtor    MM / DD / YYYY

**Holland N. O'Neil**
Printed name

**FOLEY & LARDNER LLP**
Firm name

**2021 McKinney Avenue, Suite 1600**
**Dallas, TX 75201**
Number, Street, City, State & ZIP Code

Contact phone  **214-999-3000**    Email address  **honeil@foley.com**

**TX 14864700**
Bar number and State

**Rider 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities below (collectively, the "Debtors") filed a Petition in the United States Bankruptcy Court for the Northern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Hooters of America, LLC.

- Hooters of America, LLC
- Owl Holdings, LLC
- Hawk Parent, LLC
- HOA Holdings, LLC
- Night Owl, LLC
- Owl Wings, LLC
- Owl Restaurant Holdings, LLC
- HOA Restaurant Group, LLC
- Derby Wings Holdings, LLC
- Derby Wings, LLC
- HOA Gift Cards, LLC
- Elf Owl Investments, LLC
- TW Lonestar Wings, LLC
- Alamo Wings, LLC
- HOA Holdco, LLC
- HOA Systems, LLC
- HOA Funding, LLC
- HOA Restaurant Holder, LLC
- HOOTS Restaurant Holder, LLC
- HOA IP GP, LLC
- HOOTS Franchising, LLC
- HOA Franchising, LLC
- HOA Maryland Restaurant Holder, LLC
- HOA Kansas Restaurant Holder, LLC
- TW Restaurant Holder, LLC
- DW Restaurant Holder, LLC

- HI Limited Partnership
- HOA Towson, LLC
- HOA Waldorf, LLC
- HOA Laurel, LLC

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

In re:

      HOA Funding, LLC,

            Debtor.

Chapter 11

Case No. 25-[_____] ([____])

## CORPORATE OWNERSHIP STATEMENT

       Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| HOA Systems, LLC | 100% |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

In re:

      HOA Funding, LLC,

             Debtor.

Chapter 11

Case No. 25-[_____] ([____])

## LIST OF EQUITY HOLDERS

       The following is a list of debtor HOA Funding, LLC's significant equity holders.  This list has been prepared in accordance with Federal Rule of Bankruptcy Procedure 1007(a)(3) for filing in this chapter 11 case.

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| HOA Systems, LLC | 1815 The Exchange SE<br>Atlanta, GA 30339 | 100% |

**Fill in this information to identify the case:**

Debtor name **Hooters of America, LLC**

United States Bankruptcy Court for the: **NORTHERN DISTRICT OF TEXAS**

Case number (if known): _____

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | CHENEY BROTHERS INC 1 CHENEY WAY RIVERA BEACH FL 33404 | alisonw@cheneybrothers.com; ARACHPayments@cheneybrothers.com | Food/Drink Vendor | | | | $1,860,632.00 |
| 2 | BEN E KEITH COMPANY PO BOX 901001 FORT WORTH TX 76101 | nationalaccountscredit@benekeith.com; CORP-MBX-ACHReceipts@benekeith.com | Food/Drink Vendor | | | | $1,816,719.00 |
| 3 | BARSTOOL SPORTS INC 333 7TH AVENUE 2ND FLOOR NEW YORK NY 10001 | LOUIS@BARSTOOLSPORTS.COM; AR@barstoolsports.com | Marketing | | | | $1,238,000.00 |
| 4 | HMS HOLDINGS LIMITED PARTNERSHIP 4400 PAPA JOE HENDRICK BLVD CHARLOTTE NC 28262 | mlambert@hmsracing.com | Marketing | | | | $900,000.00 |
| 5 | ICON INTERNATIONAL INC 107 ELM STREET STAMFORD CT 6902 | YTURBAY@ICON-INTL.COM | Marketing | | | | $805,891.00 |
| 6 | THE DISTRIBUTION GROUP INC 650 IONIA AVE SW GRAND RAPIDS MI 49503 | cashRA@vaneerden.com | Food/Drink Vendor | | | | $773,302.00 |
| 7 | LIBERTY MUTUAL INSURANCE GROUP PO BOX 0569 CAROL STREAM IL 60132-0569 | Sheila.gagne@libertymutual.com JazPariece.Barry@LibertyMutual.com | Insurance | | | | $744,604.00 |
| 8 | REGIONS FACILITY SERVICES INC 2314 CIRCUIT WAY BROOKSVILLE FL 34604 | Accounting@rfsrenovates.com | Repairs & Maintenance | | | | $726,152.00 |
| 9 | CAESARS ENTERTAINMENT PO BOX 96118 LAS VEGAS NV 89193T | | Marketing | | | | $663,966.00 |
| 10 | FIREHOUSE LTD 14860 LANDMARK BLVD DALLAS TX 75254 | acctsreceivable@firehouse.agency | Marketing | | | | $541,998.00 |
| 11 | MCB HP BALTIMORE LLC 2002 CLIPPER PARK ROAD SUITE 105 BALTIMORE MD 21211 | hhaseltine@mcbrealestate.com | Occupancy Cost | | | | $467,794.00 |
| 12 | PAR TECH INC 8383 SENECA TURNPIKE NEW HARTFORD NY 13413 | Remittance@partech.com | Repairs & Maintenance | | | | $406,863.00 |

Debtor  **Hooters of America, LLC**

Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13  NEW RIVERCENTER MALL II LP PO BOX 825620 PHILADELPHIA PA 19182-5620 | accounting@shoprivercenter.com | Occupancy Cost | | | | $403,153.00 |
| 14  TMP WORLDWIDE ADVERTISING & COMMUNICATIONS LLC PO BOX 2310 HICKSVILLE NY 11802 | cash@radancy.com | Software | | | | $328,858.00 |
| 15  SREP CITYPLACEFWTX LLC 5210 MCKINNEY AVE DALLAS TX 75205-3357 | billing@spirerealty.com | Occupancy Cost | | | | $275,578.00 |
| 16  FIRST INSURANCE FUNDING CORP 450 SKOKIE BLVD - STE 1000 NORTHBROOK IL | 60062 junel@rpamerica.com | Insurance | | | | $248,097.00 |
| 17  TRM 14 LLC 301 71st Street, Ste 620 Miami Beach FL 33141 | trm1investments@gmail.com | Occupancy Cost | | | | $229,765.00 |
| 18  VINSUE CORP 5 GLENMARE MEWS NYACK NY 10960 | cvitanza@sdcaustin.com; vinsuecorp@aol.com | Occupancy Cost | | | | $206,556.00 |
| 19  APOLLO PROPERTY MANAGEMENT LLC 1521 N GLENVILLE DR RICHARDSON TX 75085 | scott@ashortinc.com vicki@ashortinc.com | Occupancy Cost | | | | $205,333.00 |
| 20  WPB CONCOURSE PLAZA LC 8845 N MILLITARY TRAIL, SUITE 100 PALM BEACH GARDENS FL 33410 | Jbicknell@Reichelrealty.com | Occupancy Cost | | | | $201,165.00 |
| 21  ARTHUR J GALLAGHER RISK MANAGEMENT SERVICES INC PO BOX 532143 ATLANTA GA 30353 | GGB.US.Receivables@ajg.com | Insurance | | | | $197,500.00 |
| 22  HOUSER HOLDINGS LLC 2764 N GREEN VALLEY HENDERSON NV 89014 | teresathurman@aol.com | Occupancy Cost | | | | $194,333.00 |
| 23  ARISTOTLE INVESTMENTS INC C/O KAUFMAN, ROSSIN & CO ATT: S DEMAR 2699 S. MIAMI FL 33133 | mat@ib-germany.com | Occupancy Cost | | | | $192,500.00 |
| 24  THE ULTIMATE SOFTWARE GROUP INC-UKG PO BOX 930953 ATLANTA, GA 31193-0953 | mayra.gonzalez@ukg.com | Payroll Processor | | | | $192,241.00 |
| 25  TALLEY CULEBRA 2017 LLC 9993 IH 10 WEST SUITE 102 SAN ANTONIO, TX 78230 | elaina@investarinc.com | Occupancy Cost | | | | $189,875.00 |
| 26  NDF LLC 2799 E Tropicana Ave Suite H Las Vegas, NV 89121 | ndfllc@outlook.com | Occupancy Cost | | | | $186,340.00 |
| 27  MGBL PROPERTIES LLC 3058 Wentworth Way Tarpon Springs, FL 34688 | antonyo296@aol.com | Occupancy Cost | | | | $183,333.00 |

Debtor   **Hooters of America, LLC**                                    Case number *(if known)* _____
          Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28   MILLENNIUM PROPERTIES LLC<br>20929 VENTURA BLVD, STE 47-350<br>WOODLAND HILLS, CA 91364 | SUSAN.FARBENBLOOM@SBCGLOBAL.NET | Occupancy Cost | | | | $180,833.00 |
| 29   DAVIS BROS LLC<br>1500 MCGOWEN<br>SUITE 200<br>HOUSTON TX 77004 | | Occupancy Cost | | | | $180,090.00 |
| 30   NORLE INVESTMENTS INC<br>238 S MERIDIAN STREET, SUITE 501<br>INDIANAPOLIS, IN 46225 | kim@norle.net | Occupancy Cost | | | | $177,189.00 |

| Fill in this information to identify the case: |
| --- |
| Debtor name **HOA Funding, LLC** |
| United States Bankruptcy Court for the: NORTHERN DISTRICT OF TEXAS |
| Case number (if known) _____ |

☐ Check if this is an
amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☑ Other document that requires a declaration    **Corporate Ownership Statement; List of Equity Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___03/31/2025___    X [Signed by: signature]

Signature of individual signing on behalf of debtor

**Keith Maib**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor

## RESOLUTIONS OF THE
## AUTHORIZING BODIES

March 30, 2025

The undersigned, being (i) the authorized signatory of the entities listed on Schedule 1; (ii) the board of managers of the entities listed on Schedule 2; and (iii) the general partner of the entity listed on Schedule 3 (collectively (i) through (iii), the "Authorizing Bodies," and each, an "Authorizing Body"), and such in each case acting in accordance with the applicable governing documents of the entities listed on Schedules 1, 2, and 3 (each a "Company," and collectively, the "Companies") and applicable law, do hereby affirm that the following resolutions were duly adopted at a meeting of such Authorizing Body on March 30, 2025 (each a "Meeting"), and are to be treated for all purposes as actions taken at a meeting of such Authorizing Body:

WHEREAS, a quorum of each Authorizing Body participated throughout the Meeting;

WHEREAS, the Authorizing Body of managers of Hawk Parent, LLC have previously delegated to the strategic review committee of the board of managers of Hawk Parent, LLC the authority to file voluntary bankruptcy or a similar insolvency proceeding (the "Delegated Authority") on behalf of Hawk Parent, LLC or on behalf of any subsidiary entity that is owned or controlled by Hawk Parent, LLC, whether by virtue of Hawk Parent, LLC's ownership of the majority of voting shares of such subsidiary entity, or by virtue of their authority over the board of directors of such subsidiary entity, or otherwise

WHEREAS, the Authorizing Bodies have reviewed and considered presentations by the management and the financial and legal advisors of the Companies regarding the liabilities and liquidity situation of the Companies, the strategic alternatives available to them, and the effect of the foregoing on the Companies' businesses;

WHEREAS, the Authorizing Bodies have had the opportunity to consult with the management and the financial and legal advisors of the Companies and fully consider the strategic alternatives available to the Companies;

WHEREAS, the Authorizing Bodies have determined in an exercise of their business judgment that it is advisable and in the best interest of the Companies to undertake the restructuring transactions set forth in that certain restructuring support agreement (the "Restructuring Support Agreement") by and among the Companies and certain consenting creditors and shareholders, substantially in the form that has been or will be presented to the Authorizing Bodies, and to take such other actions with respect thereto;

WHEREAS, after a marketing process and negotiations with their stakeholders, the Company has negotiated with Celtic Master Fund LP or certain of its affiliates (the "DIP Lenders") to provide a superpriority debtor in possession credit facility (the "DIP Credit Facility") by and among, Hawk Parent and Hooters of America, LLC ("HOA"), as borrowers (the "DIP Borrowers"), the DIP Lenders, and U.S. Bank Trust Company, National Association, as collateral agent and calculation agent (the "DIP Agent") (with such changes, additions, deletions, amendments, or other modifications thereto as the Authorized Signatory (as defined below) may in its sole and

absolute discretion approve (together with all exhibits, schedules, and annexes thereto, the "DIP Credit Agreement")) to fund the Company's operations in the ordinary course, fund the administration of the Chapter 11 Cases (as defined herein), and pay the claims of certain vendors, employees, and other stakeholders in the ordinary course of business during the Chapter 11 Cases;

WHEREAS, the Authorizing Bodies have been advised of the material terms of the DIP Credit Facility;

WHEREAS, the Authorizing Bodies have reviewed and considered presentations by the management and financial and legal advisors of the Companies regarding the DIP Credit Facility and DIP Credit Agreement;

WHEREAS, the obligation of the DIP Lenders to make the extensions of credit to the Companies is subject to, among other things, the Companies entering into the DIP Credit Agreement and satisfying certain conditions in the DIP Credit Agreement;

WHEREAS, the Companies will obtain benefits from the DIP Credit Agreement and it is advisable and in the best interest of the Companies to enter into the DIP Credit Agreement and the other loan documents entered in connection therewith and to perform their obligations thereunder, including granting liens, guarantees, and equity pledges;

WHEREAS, the consummation of the Sale Transaction is subject to the Companies filing a motion (the "Sale") with the Bankruptcy Court, seeking, among other things, approval of an auction process (the "Auction") that will govern the marketing and sale of certain assets through the bidding procedures to a bidder with the highest or otherwise best offer;

WHEREAS, the Authorizing Bodies have had an opportunity to consult with the Company's financial and legal advisors and review the chapter 11 preparation materials provided by the Company's financial and legal advisors;

WHEREAS, the Authorizing Bodies have determined that it is in the Company's best interest to seek relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, the Authorizing Bodies hereby take the following actions and adopt the following resolutions pursuant to the organizational documents of the Companies, as applicable, and the laws of the state of Delaware, Georgia, or Texas, as applicable:

NOW, THEREFORE, BE IT,

**Voluntary Petition for Relief Under Chapter 11 of the Bankruptcy Code**

RESOLVED, that in the judgment of the Authorizing Bodies, it is desirable and in the best interest of the Companies (including a consideration of the Companies' creditors and other parties in interest) that the Companies shall be, and hereby are, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas Dallas

Division (the "<u>Bankruptcy Court</u>") and any other petition for relief or recognition or other order that may be desirable under applicable laws in the United States.

RESOLVED, that the members of the Authorizing Bodies or any other duly appointed officer of the Companies authorized by the Authorizing Bodies to act on behalf of the applicable Company (each an "<u>Authorized Signatory</u>," and collectively, the "<u>Authorized Signatories</u>"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed to (i) execute and file on behalf of the Company all petitions, affidavits, declarations, first day motions, schedules, statements of financial affairs, lists and other motions, applications, pleadings, papers, or documents; (ii) take and perform any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operations of the Companies' businesses; (iii) appear as necessary at all bankruptcy proceedings on behalf of the Companies; and (iv) pay all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that the actions of any Authorized Signatory taken pursuant to the preceding resolution, including the execution, acknowledgment, delivery, and verification of the petition and all ancillary documents and all other agreements, certificates, instruments, guaranties, notices, and other documents, shall be conclusive evidence of such Authorized Signatory's approval and the necessity or desirability thereof.

**Restructuring Support Agreement**

RESOLVED, that the Companies shall be, and hereby are, authorized to enter into the Restructuring Support Agreement, with such changes, additions, and modifications thereto as an Authorized Signatory executing the same shall approve, such approval to be conclusively evidenced by an Authorized Signatory's execution and delivery thereof.

RESOLVED, that the Authorized Signatories be, and hereby are, authorized and empowered to enter into, on behalf of the Companies, the Restructuring Support Agreement, and to take any and all actions necessary or advisable to advance the Companies' rights and obligations therein, including filing pleadings; and in connection therewith, the Authorized Signatory, with power of delegation, is hereby authorized, empowered and directed to execute the Restructuring Support Agreement on behalf of the Companies and to take all necessary actions in furtherance of consummation of such agreement's terms.

**Retention of Professionals**

RESOLVED, that the Authorized Signatories be, and hereby are, authorized and directed to employ the law firm of Ropes & Gray LLP as general bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith,  the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements,

pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Ropes & Gray LLP.

RESOLVED, that the Authorized Signatories be, and they hereby are, authorized and directed to employ the law firm of Foley & Lardner LLP, as co-bankruptcy counsel, to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Foley & Lardner LLP .

RESOLVED, that the Authorized Signatories be, and hereby are, authorized and directed to employ the firm of SOLIC Capital, LLC, as investment banker to the Company to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to employ or retain the services of SOLIC Capital, LLC.

RESOLVED, that the Authorized Signatories be, and they hereby are, authorized and directed to employ the firm of Accordion Partners, LLC, as financial advisor, to represent and assist the Company in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Accordion Partners, LLC.

RESOLVED, that the Authorized Signatories be, and they hereby are authorized and directed to employ Kroll Restructuring Administration LLC, as notice, claims, solicitation and balloting agent in connection with the Chapter 11 Cases; and in connection therewith, the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of Kroll Restructuring Administration LLC.

RESOLVED, that the Authorized Signatories be, and they hereby are, authorized and directed to employ any other professionals to assist the Companies in carrying out their duties under the Bankruptcy Code; and in connection therewith, the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

RESOLVED, that the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and

other professionals and to take and perform any and all further acts and deeds that the Authorized Signatories deem necessary, proper, or desirable in connection with the Company's Chapter 11 Cases, with a view to the successful prosecution of such case.

**DIP Facility**

RESOLVED, the DIP Credit Agreement (including, without limitation, the borrowings thereunder), the transactions contemplated therein, and the guaranties, liabilities, obligations, and guarantees, liens, and equity pledges granted in connection therewith, be, and hereby are, authorized, adopted and approved on such terms substantially consistent with those presented to the Authorizing Bodies on or prior to the date hereof and as may be further approved, modified or amended by any one or more of the Authorized Signatories, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Companies.

RESOLVED, that, in the judgment of the Authorizing Bodies, it is desirable and in the best interest of the Company (including a consideration of their creditors and other parties in interest) to finalize, execute, and deliver the DIP Credit Agreement, subject to appropriate modifications and final negotiations, and the Companies' performance of their obligations thereunder, including granting liens, guarantees, and equity pledges.

RESOLVED, that the Companies' execution and delivery of, and the performance of their obligations in connection with the DIP Credit Agreement, are hereby, in all respects, authorized and approved; and further resolved, that the Authorized Signatories, acting alone or with one or more Authorized Signatories, are hereby authorized, empowered, and directed to negotiate the terms of and to execute, deliver, and perform under the DIP Credit Agreement and any and all other documents, security agreements, guaranty agreements, certificates, instruments, agreements, and intercreditor agreements, any such changes therein, additions, deletions, amendments, or other modifications thereto required to consummate the transactions contemplated by the DIP Credit Agreement in the name and on behalf of the Companies, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Signatories may in its sole and absolute discretion approve, which approval shall be conclusively evidenced by his or her execution thereof. Such execution by any of the Authorized Signatories is hereby authorized to be by facsimile, engraved or printed as deemed necessary and preferable.

RESOLVED, that the Authorized Signatories, acting alone or with one or more Authorized Signatories, be, and hereby are, authorized and directed to seek authorization to enter into the DIP Credit Agreement and to seek approval of the use of cash collateral pursuant to a postpetition financing order in interim and final form with such changes therein, additions, deletions, amendments, or other modifications thereto as any Authorized Signatory may in its sole and absolute discretion approve, and any Authorized Signatory be, and hereby are, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Companies, necessary to implement the postpetition financing, including providing for adequate protection to the secured parties under that certain (i) Credit Agreement dated September 27, 2024, entered into by, among others, Hawk Parent, LLC as borrower, and Celtic Master Fund LP as initial lender (as amended, the "Prepetition Manager Advance Credit Agreement"), and (ii) Credit Agreement dated March 9, 2022, entered into by, among others, Hawk Parent, LLC as borrower, and XYQ Cayman Ltd. as initial lender (as

amended, the "Prepetition Term Loan Credit Agreement", together with Prepetition Manager Advance Credit Agreement, the "Prepetition Credit Agreements") in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Credit Agreement and the use of cash collateral in connection with the Chapter 11 Cases, which agreements may require adequate protection and liens to the DIP Lenders and the other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Signatory approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

RESOLVED, that (i) the form, terms, and provisions of the DIP Credit Agreement, (ii) the grant of (a) collateral under the DIP Credit Agreement and the other Financing Documents (as defined below) and (b) pledges of equity, (iii) the guaranty of obligations by the Guarantors (as defined in the DIP Credit Agreement) under the DIP Credit Agreement and the other Financing Documents, from which the Company will derive value, be and hereby are, authorized, adopted, and approved, and (iv) any Authorized Signatory of the Companies are hereby authorized, empowered, and directed, in the name of and on behalf of the Companies, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the of the transactions contemplated by the DIP Credit Agreement, substantially in the form provided to the Authorizing Bodies, and such other agreements, guarantees, security agreements, certificates, instruments, or other papers or documents to which the Companies are or will be parties or any order entered into in connection with the DIP Credit Agreement (collectively with the DIP Credit Agreement, the "Financing Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorized Signatory executing the same shall approve.

RESOLVED, that the Companies, as a debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "Financing Transactions"), including granting liens, guarantees, and providing equity pledges to secure such obligations.

RESOLVED, that the Authorized Signatories be, and hereby are, authorized and directed to take such actions as in its discretion is determined to be necessary, desirable, or appropriate to execute, deliver, and file: (i) the Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the Financing Transactions; (ii) all schedules, and other motions, papers, or documents, which shall in its sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his/her or their execution thereof; (iii) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested under the Financing Documents; and (iv) such forms of officer's certificates and compliance certificates as may be required by the Financing Documents.

RESOLVED, that the Authorized Signatories be, and hereby are, authorized and directed to take all such further actions, including, without limitation, to pay or approve the payment of all

fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in their reasonable business judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions.

**General**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, the Authorized Signatories (and their designees and delegates) be, and hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in the case as in such Authorized Signatory's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

RESOLVED, that the Authorizing Bodies received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, as applicable, or hereby waive any right to has received such notice.

RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if the such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Authorizing Bodies.

RESOLVED, that the Authorized Signatories (and their designees and delegates) be, and hereby are, authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein.

IN WITNESS WHEREOF, the undersigned, being (i) the authorized signatory of the entities listed on <u>Schedule 1</u>; (ii) the board of managers of the entities listed on <u>Schedule 2</u>; and (iii) the general partner of the entity listed on <u>Schedule 3</u>, affirms these resolutions as of March 30, 2025.

Adam Paul, *in his capacity as the authorized signatory of entities listed on <u>Schedule 1</u>*

**HOA Holdco, LLC**
*solely with respect to resolutions under "Voluntary Petition for Relief Under Chapter 11 of the Bankruptcy Code"*

Salvatore Melilli

Kim Payne

Megan Hewes

Sean L. Emerick

**HOA Systems, LLC**
**HOA Funding, LLC**
*solely with respect to resolutions under "Voluntary Petition for Relief Under Chapter 11 of the Bankruptcy Code"*

Kim Payne

Megan Hewes

Sean L. Emerick

IN WITNESS WHEREOF, the undersigned, being (i) the authorized signatory of the entities listed on <u>Schedule 1</u>; (ii) the board of managers of the entities listed on <u>Schedule 2</u>; and (iii) the general partner of the entity listed on <u>Schedule 3</u>, affirms these resolutions as of March 30, 2025.

_____
Adam Paul, *in his capacity as the authorized signatory of entities listed on* <u>Schedule 1</u>

**HOA Holdco, LLC**
*solely with respect to resolutions under "Voluntary Petition for Relief Under Chapter 11 of the Bankruptcy Code"*

_____
Salvatore Melilli

_____
Kim Payne

_____
Megan Hewes

Sean L. Emerick

**HOA Systems, LLC**
**HOA Funding, LLC**
*solely with respect to resolutions under "Voluntary Petition for Relief Under Chapter 11 of the Bankruptcy Code"*

_____
Kim Payne

_____
Megan Hewes

Sean L. Emerick

Docusign Envelope ID: D21AD4C4-D94E-4065-A4E5-CF6F80434943

**HOA IP GP, LLC**, on behalf of itself and as
general partner of HI Limited Partnership
**HOA Franchising, LLC**
**HOA Restaurant Holder, LLC**
*solely with respect to resolutions under*
*"Voluntary Petition for Relief Under Chapter*
*11 of the Bankruptcy Code"*

_____
Kim Payne


_____
Jennifer L. Cronin


_____
Jennifer A. Schwartz


**DW Restaurant Holder, LLC**
**TW Restaurant Holder, LLC**
**HOA Kansas Restaurant Holder, LLC**
**HOA Maryland Restaurant Holder, LLC**
*solely with respect to resolutions under*
*"Voluntary Petition for Relief Under Chapter*
*11 of the Bankruptcy Code"*


_____
Kim Payne


_____
Steven P. Zimmer


_____
Ricardo Beausoleil

**HOA IP GP, LLC**, on behalf of itself and as
general partner of HI Limited Partnership
**HOA Franchising, LLC**
**HOA Restaurant Holder, LLC**
*solely with respect to resolutions under
"Voluntary Petition for Relief Under Chapter
11 of the Bankruptcy Code"*

_____

Kim Payne

_____

Jennifer L. Cronin

_____

Jennifer A. Schwartz

**DW Restaurant Holder, LLC**
**TW Restaurant Holder, LLC**
**HOA Kansas Restaurant Holder, LLC**
**HOA Maryland Restaurant Holder, LLC**
*solely with respect to resolutions under
"Voluntary Petition for Relief Under Chapter
11 of the Bankruptcy Code"*

_____

Kim Payne

_____

Steven P. Zimmer

_____

Ricardo Beausoleil

Docusign Envelope ID: D21AD1C4-D94E-4065-A4E5-CF6F80434943

**HOA Towson, LLC**
*solely with respect to resolutions under*
*"Voluntary Petition for Relief Under Chapter*
*11 of the Bankruptcy Code"*

Salvatore Melilli
_____
Salvatore Melilli

Kim Payne
_____
Kim Payne

_____
Sean L. Emerick

_____
William R. Bleier

**HOA Waldorf, LLC**
**HOA Laurel, LLC**
*solely with respect to resolutions under*
*"Voluntary Petition for Relief Under Chapter*
*11 of the Bankruptcy Code"*

Kim Payne
_____
Kim Payne

_____
Sean L. Emerick

_____
William R. Bleier

**HOA Towson, LLC**
*solely with respect to resolutions under*
*"Voluntary Petition for Relief Under Chapter*
*11 of the Bankruptcy Code"*

---

Salvatore Melilli

---

Kim Payne

Sean L. Emerick

William Bleier

**HOA Waldorf, LLC**
**HOA Laurel, LLC**
*solely with respect to resolutions under*
*"Voluntary Petition for Relief Under Chapter*
*11 of the Bankruptcy Code"*

---

Kim Payne

Sean L. Emerick

William Bleier

**Hoots Restaurant Holder, LLC**
**Hoots Franchising, LLC**
*solely with respect to resolutions under*
*"Voluntary Petition for Relief Under Chapter*
*11 of the Bankruptcy Code"*

_____
Kim Payne


_____
Jennifer L. Cronin


_____
Jennifer A. Schwartz

**Hoots Restaurant Holder, LLC**
**Hoots Franchising, LLC**
*solely with respect to resolutions under*
*"Voluntary Petition for Relief Under Chapter*
*11 of the Bankruptcy Code"*

_____
Kim Payne

_____
Jennifer L. Cronin

_____
Jennifer A. Schwartz

Schedule 1

1. Hawk Parent, LLC, a Delaware limited liability company

2. HOA Holdings, LLC, a Delaware limited liability company

3. Night Owl, LLC, a Delaware limited liability company

4. Owl Wings, LLC, a Delaware limited liability company

5. Owl Restaurant Holdings, LLC, a Delaware limited liability company

6. HOA Restaurant Group, LLC, a Delaware limited liability company

7. Hooters of America, LLC, a Delaware limited liability company

8. HOA Gift Cards, LLC, a Florida limited liability company

9. Owl Holdings, LLC, a Delaware limited liability company

10. Elf Owl Investments, LLC, a Delaware limited liability company

11. TW Lonestar Wings, LLC, a Delaware limited liability company

12. Alamo Wings, LLC, a Delaware limited liability company

13. Derby Wings Holdings, LLC, a Delaware limited liability company

14. Derby Wings, LLC, a Delaware limited liability company

Schedule 2

1. HOA Holdco, LLC, a Delaware limited liability company

2. HOA Systems, LLC, a Delaware limited liability company

3. HOA Funding, LLC, a Delaware limited liability company

4. HOOTS Franchising, LLC, a Delaware limited liability company

5. HOA Franchising, LLC, a Delaware limited liability company

6. HOA IP GP, LLC, a Delaware limited liability company

7. HOA Restaurant Holder, LLC, a Delaware limited liability company

8. HOA Maryland Restaurant Holder, LLC, a Delaware limited liability company

9. HOA Kansas Restaurant Holder, LLC, a Kansas limited liability company

10. DW Restaurant Holder, LLC, a Delaware limited liability company

11. TW Restaurant Holder, LLC, a Delaware limited liability company

12. HOOTS Restaurant Holder, LLC, a Delaware limited liability company

13. HOA Towson, LLC, a Delaware limited liability company

14. HOA Laurel, LLC, a Delaware limited liability company

15. HOA Waldorf, LLC, a Delaware limited liability company

<u>Schedule 3</u>

1.  HI Limited Partnership, a Florida general partnership company